UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| GREG GORYEWS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. V-06-01 |
| | § | |
| MURPHY EXPLORATION & | § | |
| PRODUCTION COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Plaintiff's Motion for New Trial under Federal Rule of Civil Procedure 59(a) (Dkt. # 32). After considering the motion, responses, and the applicable law, the Court is of the opinion that the motion should GRANTED in part and DENIED in part.

### Factual Background

This case arises out of personal injuries sustained by Plaintiff on January 17, 2004 while he was performing maintenance on an offshore oil platform owned by Defendant. On March 20, 2007, the above action was called to trial. A jury of seven was properly selected and sworn, and testimony and evidence commenced thereafter through March 23, 2007. The jury returned a verdict as follows:

### QUESTION NO. 1

Did the negligence, if any, of those named below proximately cause the injury in question?

a. Murphy Exploration & Production Co.    Yes

b. Greg Goryews                           Yes

If in answer to Question No. 1 you have found that the negligence of more than one of those named below proximately caused the injury, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 2

What percentage of the negligence that caused the injury do you find attributable to each of those listed below and found by you, in your answer to Question No. 1, to have been negligent?

The percentages you find must total 100 percent. The negligence attributable to a person named below is not necessarily measured by the number of acts or omissions found.

| | | |
|---|---|---|
| a. | Murphy Exploration & Production Co. | 50% |
| b. | Greg Goryews | 50% |
| | TOTAL          100% | |

Answer Question No. 3 if you answered "Yes" for Murphy Exploration & Production Co. to Question No. 1 and answered :

(1) "No" for Greg Goryews to Question No. 1, or

(2) 50 percent or less for Greg Goryews to Question No. 2. Otherwise, do not answer Question No. 3.

## QUESTION NO. 3

What sum of money, if paid now in cash, would fairly and reasonably compensate Greg Goryews for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Greg Goryews.

a. Medical care expenses incurred in the past.

Answer: $181,870.24

b. Medical care expenses that, in reasonable probability, Greg Goryews will incur in the future.

Answer: $200,000.00

2

  c. Loss of earning capacity sustained in the past.

Answer: $175,553.00

  d. Loss of earning capacity that, in reasonable probability, Greg Goryews will sustain in the future.

Answer: $374,025.00

  e. Physical impairment sustained in the past.

Answer: $0

  f. Physical impairment that, in reasonable probability, Greg Goryews will sustain in the future.

Answer: $0

  g. Physical pain and mental anguish sustained in the past.

Answer: $500,000.00

  h. Physical pain and mental anguish that, in reasonable probability, Greg Goryews will sustain in the future.

Answer: $500,000.00

## Discussion

  The Plaintiff now moves under Federal Rule of Civil Procedure 59(a) for an order setting aside the verdict of the jury and for a new trial. The Plaintiff argues that the jury's verdict is "fatally inconsistent" because the jury's finding of no physical impairment in response to questions 3(e) and 3(f) cannot be reconciled with the jury's award for medical expenses, loss of earning capacity and physical pain and mental anguish. Plaintiff also contends the verdict is against the great weight of the evidence and that the amount of damages awarded (or not awarded) for physical impairment is unreasonably disproportionate to the injury suffered by the Plaintiff as to shock the judicial conscience. Plaintiff alternatively requests that if the Court should enter a final judgment in this

matter that the Plaintiff be awarded prejudgment interest.

**A.    New Trial**

Plaintiff has timely requested a new trial under Rule 59(a). FED R. CIV. P. 59(a) (permitting a request for a new trial within 10 days of the entry of judgment).  A trial court may not grant a new trial unless the verdict is "against the great weight of the evidence." *Gates v. Shell Offshore, Inc.*, 881 F.2d 215, 217 (5th Cir. 1989).  The court must view the evidence in light most favorable to the jury's verdict and may only disregard the verdict if the evidence is so strong that a reasonable person could not have found as the jury did.  *Jackson v. Taylor*, 912 F.2d 795, 797 (5th Cir. 1990).

After reviewing the evidence presented in this case, the Court finds that the jury's verdict and the damages award is supported by the evidence and is not "fatally inconsistent."[1] Under Texas law, once liability is established, a jury must award some amount for each element of damages that is objectively proven. *Lowery v. Berry*, 269 S.W.2d 795 (Tex. 1954).  However, for each particular element, a plaintiff must present objective and uncontroverted evidence on that element in order to receive damages.  *Sansom v. Pizza Hut of E. Tex., Inc.*, 617 S.W.2d 288, 293 (Tex. Civ. App.–Tyler 1981, no writ).  Subject to this requirement, the jury is the ultimate judge of credibility and retains primary responsibility for awarding damages.  *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 772 (Tex. 2003).  Specifically, to be awarded damages for physical impairment, the plaintiff must prove: (1) he incurred injuries that are distinct from, or extend beyond injuries compensable as pain and suffering, loss of earning capacity, or other damage elements; and (2) these distinct injuries have had a "substantial" effect.  *Id.*  Moreover, the fact that the plaintiff may be entitled to compensatory damages for pain and suffering, or for lost wages, does not automatically entitle him

---

[1] P.'s Mot. for New Trial (dkt. #32), p. 1.

to compensation for physical impairment. *Id.*

The evidence presented at trial with regard to Plaintiff's physical impairment was not uncontroverted and the jury was entitled to judge the weight and credibility of that evidence in determining damages. While there was testimony by a pain management specialist and Plaintiff's doctors stating that Plaintiff would continue to suffer pain and physical impairment in the future, there was also testimony to the contrary. Dr. Borkowsky and the Plaintiff testified that the surgery was a success. Further, Dr. Likover indicated that the remaining physical impairments suffered by the Plaintiff did not preexist the surgery, and therefore were not a result of the accident. He also testified that in his opinion the successful surgery would allow Plaintiff to return to work and engage in the physical activities he performed before the injury. Thus, viewing the evidence in the light most favorable to the jury's verdict, the Court does not find that the verdict was against the great weight of the evidence.

Also, Plaintiff's contention that the jury's failure to award him any physical impairment damages is inconsistent with the rest of the jury's findings is without merit. The verdict form instructed the jury to consider each element of damages separately and "not [to] compensate twice for the same loss." As noted previously, it is solely the within the jury's province to judge the credibility of the evidence and award damages accordingly. Here, the jury was not presented with uncontroverted evidence regarding Plaintiff's physical impairment. Either the jury truly believed Plaintiff did not suffer physical impairment or the jury may have included such award in the amounts awarded for physical pain and mental anguish. Plaintiff was not necessarily entitled to damages for physical impairment just because the jury awarded him damages for medical expenses, loss of earning capacity, and physical pain and mental anguish. *Id.* at 771. Because the jury could have

compensated Plaintiff for physical impairment under another category of damages, its failure to award damages for that particular element of damages does not deem the jury's verdict "fatally inconsistent."

**B.     Texas Civil Practice & Remedies Code § 41.0105**

Defendant also requests that damages awarded for past medical expenses, in the amount of $181,870.24, be reduced to $103,979.86, the amount paid by Plaintiff's workers compensation carrier. Defendant argues that Texas Civil Practice & Remedies Code § 41.0105 requires the Court to reduce the past medical expenses awarded to the amount actually paid on behalf of the Plaintiff. Plaintiff responds that allowing a reduction in the past medical expenses awarded violates the plain language of the statute, as well as the legislature's intent. Plaintiff further contends the reduction would in effect abrogate the collateral source rule and allow the Defendant to reap a windfall at the Plaintiff's expense.

Section 41.0105 provides: "In addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant." TEX. CIV. PRAC. & REM. CODE § 41.0105 (Vernon Supp. 2006). Plaintiff argues the disjunctive language in the statement "amount actually paid *or* incurred" allows the Plaintiff to recover either the amount paid or the amount billed or charged to Plaintiff, despite the lower, negotiated rate paid on behalf of Plaintiff by his workers compensation carrier. Defendant maintains that the plain language of the statute requires that the amount recovered by Plaintiff for past medical expenses should be limited to the amount "actually paid."

The Court agrees with the Defendant's interpretation of the statute. When the Texas Supreme Court has not spoken on an issue, the examining court must follow intermediate state court

decisions, unless that court is convinced that the highest court would decide otherwise. *Bailey v. S. Pac. Transp. Co.,* 613 F.2d 1385, 1388 (5th Cir. 1980) (citing *Comm'r v. Bosch*, 387 U.S. 456, 465 (1967)). In *Mills v. Fletcher*, a case that is directly on point, the San Antonio Texas Court of Appeals held that section 41.0105 limits a plaintiff from recovering medical or healthcare expenses that have been adjusted or "written off." 2007 WL 1423883, *3. The court found a plain reading of the statute requires a court to limit the amount a plaintiff can recover for past medical expenses to those amounts actually paid on plaintiff's behalf. *Id.* The *Mills* court analyzed each individual component of the statute. The relevant portion of the statute states: "recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant." The first component of the statute states "recovery of . . . expenses incurred." The first use of the word "incurred" signifies the amount of medical expenses charged or billed plaintiff, that is those charges that the plaintiff "incurred" at the time services were rendered. Next, the word "limited" clearly indicates the legislature's intent to place a limitation on the amount a plaintiff can recover. The last portion of the statute states the plaintiff can recover "the amount *actually* paid or incurred by or on behalf of the claimant." This language precludes a plaintiff from recovering the full amount charged if some lesser amount was actually paid. The word "actually" modifies "paid or incurred," signaling to the Court that the statute was meant to limit the amount of recovery to those amounts *actually* paid or incurred by plaintiff or on his behalf. As the *Mills* court explained:

> [I]n construing the statute, we believe that "medical or healthcare expenses incurred" refers to the "big circle" of medical or healthcare expenses incurred at the time of the initial visit with the healthcare provider, while, as applied to the facts presented here, "actually incurred" refers to the "smaller circle" of expenses incurred after an adjustment of the healthcare provider's bill.

*Id.* at *2. The Court believes this is a reasonable interpretation of the statute and will follow the

intermediate court's decision in this regard.

As further support, the legislature passed this statute as part of sweeping tort reform to the civil justice system intended to limit damages in civil cases. *See* House Comm. on State Affairs, Bill Analysis, Tex. H.B. 4, 78th Leg., R.S. (2003). The limitation found by this Court supports the general legislative intent. The legislature debated the addition of language allowing parties to introduce evidence of a collateral source, effectively abolishing the collateral source rule. Although the language was omitted from the final version of the statute, the Court believes the overall substantive purpose of the statute was to limit the amount of past medical expenses a plaintiff can recover. The Court finds it is unnecessary to decide whether the statute completely abrogated the collateral source rule without further guidance from the Texas Supreme Court because no evidence of a collateral source was presented to the jury. However, the Court concludes it is appropriate to reduce the amount of damages the Plaintiff can recover for past medical expenses to the amount actually paid on behalf of the Plaintiff at this post-verdict stage of the proceedings. *See Cleveland v. Bituminous Cas. Corp.*, No. 2003-523,220 (237th Dist. Ct., Lubbock County, Tex. 2005).

Finally, while the Plaintiff emphasizes that the wrongdoer will benefit from the payments made on behalf of Plaintiff, he ignores the equally important policy that tort damages are designed to make the victim whole. *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 16 (Tex. 1994) (stating compensatory damages are intended to make the plaintiff "whole"). Because the Plaintiff and his workers compensation carrier were only obligated to pay the reduced amount, it would undermine the "make-whole" tort principle to allow the Plaintiff to receive medical expenses above and beyond those which he or his carrier were actually obligated to pay. Neither side should reap a windfall. Therefore, the amount of Plaintiff's damages for past medical expenses should be reduced to the

amount actually paid on Plaintiff's behalf.  However, with that said, the Court presently has insufficient evidence to determine what amount was paid on Plaintiff's behalf or what amounts, if any, that Plaintiff is still liable.  The Court will schedule a telephone conference with the parties to determine if an evidentiary hearing is necessary.

**C.     Prejudgment interest**

Plaintiff shall recover from Defendant prejudgment interest at a rate of 8.25% per annum from January 3, 2006 through the date of judgment  for lost use of the money due as damages during the lapse of time between the time the lawsuit was filed and the date of judgment, *Reyes-Mata v. IBP, Inc.*, 299 F.3d 504, 507 (5th Cir. 2002), as well as post-judgment interest at the rate of 4.94%.

It is so ORDERED.

SIGNED this 8th day of August, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE